**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL ALLAN McNEIL, | ) | Case No. 12-18903-DER |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

### ORDER DENYING MOTION TO RECONSIDER

The court has before it the motion for reconsideration filed by the debtor, Michael A. McNeil.[1] The only timely opposition to that motion was filed by V. Peter Markuski, Jr.,[2] to which Michael McNeil filed a response.[3] The motion seeks reconsideration of orders entered by this court that denied confirmation of Michael McNeil's Chapter 13 plan with leave to amend[4] and that overruled Michael McNeil's objection to Claims No. 3 and No. 4, both filed by Peter

---

[1] Motion to Reconsider filed on October 9, 2012 [Docket No. 105].

[2] Opposition to Motion to Reconsider filed on October 19, 2012 [Docket No. 118].

[3] Response to V. Peter Markuski Opposition to Motion to Reconsider filed on October 23, 2012 [Docket No. 123].

[4] Order Denying Confirmation of Chapter 13 Plan with Leave to Amend entered on September 26, 2012 [Docket No. 84].

Markuski.⁵  For the reasons stated below, the motion for reconsideration must be denied as to each of the three orders in question.

## Jurisdiction

This court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and Local Rule 402 of the United States District Court for the District of Maryland.  This is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(L).  The court's oral findings of fact and conclusions of law were stated on the record in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure) at the conclusion of a hearing on these matters held on September 25, 2012.

## Factual and Procedural Background

Michael McNeil represents himself this case.  He also represents himself in a divorce action filed against him by Sarah McNeil.⁶  In that action, the Circuit Court appointed Peter Markuski to serve as the best interests attorney for their minor children.⁷  The Circuit Court entered a Judgment of Absolute Divorce in the divorce action on December 27, 2010 that granted Sarah McNeil a divorce from Michael McNeil and, among other things, awarded Sarah McNeil sole custody of their minor children and ordered Michael McNeil to pay monthly alimony and

---

⁵ Order Overruling Objection to Claim No. 3 Filed by V. Peter Markuski, Jr. entered on September 27, 2012 [Docket No. 85]; Order Overruling Objection to Claim No. 4 Filed by V. Peter Markuski, Jr. entered on September 27, 2012 [Docket No. 90].

⁶ Docketed as McNeil v. McNeil, Case No. 13-C-08-075254, in the Circuit Court for Howard County, Maryland (the "Circuit Court").  Michael McNeil was represented in the divorce action by Henry E. Weil of the law firm of Belli, Weil & Grozbean, P.C. until March of 2010 when the Circuit Court granted Henry Weil's motion to strike his appearance.

⁷ Order Appointing Counsel for a Minor Child entered March 23, 2009, a copy of which is attached as part of the exhibits to, among other things, Michael McNeil's Memorandum of Law filed in support of his Motion to Reconsider [Docket No. 105-2, Page 6 of 20].

child support.[8] In addition, in the divorce decree the Circuit Court ordered Michael McNeil to pay Sarah McNeil's attorney's fees[9] and a portion of the fees of Peter Markuski as the best interests attorney for their children.

Michael McNeil filed his Chapter 13 bankruptcy petition in this court on May 10, 2012, several days before hearings in the divorce action scheduled by the Circuit Court on various motions filed by Sarah McNeil. Michael McNeil is a network security engineer employed by Federal Network System LLC whose gross annual income exceeds $120,000.00.[10] Initially, he filed a plan that proposed to submit $25.00 per month to the Chapter 13 trustee for 60 months – a total of $1,500.00 – for distribution to his priority and unsecured creditors.[11] That plan proposed to modify his monthly alimony payment of $3,000.00, as set by the Circuit Court, and to pay instead alimony of $1,735.15 per month outside the plan. Confirmation of the plan was opposed

---

[8] A copy of the Judgment of Absolute Divorce entered by the Circuit Court is attached as an exhibit to, among other things, one of the proofs of claim filed by Peter Markuski [Claim No. 3-3, Page 9 of 44]. The reasons for granting the divorce and other related relief are set forth at length in a Supplemental Memorandum also entered by the Circuit Court on December 27, 2010, a copy of which is attached as an exhibit to the Memorandum of Law in Support of Confirmation of Debtor's Amended Chapter 13 Plan filed by Michael McNeil on September 18, 2012 [Docket Nos. 75-1 and 75-2].

[9] Stephen A. Drazin, the divorce attorney for Sarah McNeil, filed a proof of claim totaling $60,604.59 in this case that asserts a priority claim for a domestic support obligation in the amount of $55,030.59 with respect to such fees that was docketed as Claim No. 5-1. Michael McNeil objected to that claim on the day before the hearing in question here. Objection to Proof of Claim filed September 24, 2012 [Docket No. 80]. A hearing on the objection to that claim is scheduled for November 7, 2012.

[10] According to his Schedule I [Docket No. 18, Page 16 of 17], Michael McNeil's monthly gross income is $10,370.32. In his Chapter 13 Statement of Current Monthly Income [Docket No. 15], Michael McNeil indicates that based upon the six months before the bankruptcy petition was filed his gross monthly income was $12,346.09. The Statement of Financial Affairs filed by Michael McNeil indicates that for the two years immediately preceding the filing of this case, his aggregate gross income was $305,888.47 – that is, the equivalent of a gross monthly income of $12,745.35.

[11] Chapter 13 Plan filed on May 24, 2012 [Docket No. 16]. In the plan, Michael McNeil also proposed to turnover to the trustee his 2011 federal and state income tax refund checks and the proceeds from his various pending state and federal law suits.

by the Chapter 13 trustee, Sarah McNeil, and Peter Markuski. Following a hearing held on July 24, 2012, this court determined that the plan could not be confirmed because, among other reasons, it did not provide for payment in full of Michael McNeil's then existing pre-petition arrearages on his domestic support obligations. Accordingly, the court denied confirmation of Michael McNeil's initial plan and granted him leave to file an amended plan.[12]

After confirmation of his initial plan was denied, Michael McNeil objected to the proof of claim filed by Peter Markuski [Claim No. 3-3] that asserted a priority claim for a domestic support obligation in the amount of $47,936.81 for fees awarded by the Circuit Court.[13] Michael McNeil also later objected to a second proof of claim filed by Peter Markuski [Claim No. 4-1] that asserted a priority claim for a domestic support obligation in the amount of $18,102.53 for additional fees incurred, but not yet submitted to or awarded by the Circuit Court.[14] Both objections were set for hearing on September 25, 2012. Following that hearing, the court overruled both objections. By his motion, Michael McNeil now seeks reconsideration of those orders.

In the meantime, Michael McNeil filed an amended plan.[15] Although it clarifies somewhat the provisions of his initial plan, Michael McNeil's amended plan was not materially different from his initial plan. It continued his initial proposal to submit $25.00 per month to the

---

[12] Order Denying Confirmation of Chapter 13 Plan with Leave to Amend entered on July 25, 2012 [Docket No. 38].

[13] Objection to Proof of Claim filed on July 31, 2012 [Docket No. 40].

[14] Objection to Proof of Claim filed on September 4, 2012 [Docket No. 61]. On September 20, 2012, this court entered an order on Peter Markuski's motion that terminated the automatic stay to the limited extent necessary to permit Peter Markuski to file petitions in the Circuit Court to seek a determination of the amount to be awarded on account of the fees incurred after October 31, 2011, including the fees that are the subject of Claim No. 4-1. Order Granting Motion for Relief from Automatic Stay [Docket No. 77].

[15] Amended Chapter 13 Plan filed on August 23, 2012 [Docket No. 56].

Chapter 13 trustee. It made clear that Michael McNeil proposed to reduce his monthly alimony obligation to Sarah McNeil by paying the aggregate amount of his remaining future alimony over an extended period of time – that is, over the five-year life of his Chapter 13 bankruptcy plan.[16] Confirmation of the amended plan was again opposed by the Chapter 13 trustee, Sarah McNeil, and Peter Markuski. Following the hearing held on September 25, 2012, the court determined that the amended plan – like the initial plan – could not be confirmed because, among other reasons, it did not provide for payment in full of Michael McNeil's then existing pre-petition arrearages on his domestic support obligations.[17] As the court stated in its ruling at the hearing, the amended plan did not provide funds sufficient to pay the $47,936.81 domestic support obligation claim filed by Peter Markuski and allowed by the court when it overruled Michael McNeil's objection to Claim No. 3-3 earlier during the same hearing. Based upon the proofs of claim filed by Peter Markuski, Stephen Drazin and Sarah McNeil, the pre-petition domestic

---

[16] In the Judgment of Absolute Divorce, the Circuit Court ordered Michael McNeil to pay Sarah McNeil alimony in the amount of $3,000.00 per month for 60 months starting on September 1, 2010 – a payment period that would expire during the life of his Chapter 13 plan. The amended plan proposed to extend the payment period through May 10, 2017. As a result, the amended plan proposed to reduce Michael McNeil's monthly alimony payment to Sarah McNeil from $3,000.00 to $2,438.01. Although it was not a ground upon which the court denied confirmation of the amended plan, the court made clear in its ruling at the September 25, 2012 hearing that a plan proposing to modify the alimony awarded to Sarah McNeil was not confirmable and that such relief to the extent appropriate should be obtained not from the Bankruptcy Court, but from the Circuit Court. Caswell v. Lang (In re Caswell), 757 F.2d 608, 610-611 (4th Cir. 1985) ("[I]t was not the 'intent of the new Bankruptcy Code to convert the bankruptcy courts into family or domestic relations courts – courts that would in turn, willy-nilly, modify divorce decrees of state courts.'") (citing In re Garrison, 5 B.R. 256, 260 (Bankr. E.D. Mich. 1980)).

[17] A Chapter 13 plan must provide for payment in full of all priority claims. 11 U.S.C. § 1322(a)(2). Domestic support obligations are entitled to treatment as priority claims. 11 U.S.C. § 507(a)(1)(A). The claims asserted by Sarah McNeil for alimony arrears and by Stephen Drazin and Peter Markuski for attorney's fees are domestic support obligations within the meaning of the Bankruptcy Code definition of that term. 11 U.S.C. § 101(14A). Beaupied v. Chang (In re Chang), 163 F.3d 1138 (9th Cir. 1998); Miller v. Gentry (In re Miller), 55 F.3d 1487 (10th Cir. 1995); In re Dvorak, 986 F.2d 940 (5th Cir. 1993). Although the Fourth Circuit has not published an opinion addressing this issue, the unpublished opinion of Stark v. Bishop (In re Bishop), 1998 U.S. App. LEXIS 12900 (4th Cir. 1998), reached the same conclusion as the published decisions of the Fifth, Ninth, and Tenth Circuits.

support obligations of Michael McNeil may well exceed $140,000.00.[18]  Accordingly, the court denied confirmation of Michael McNeil's amended plan and granted him leave to file an amended plan.  By his motion, Michael McNeil now seeks reconsideration of that order.

### Discussion of Issues

Michael McNeil requests this court to (i) reconsider its rulings at the September 25, 2012 hearing, (ii) sustain his objections to the claims filed by Peter Markuski, and (iii) confirm his amended plan.  For the reasons that follow, the motion for reconsideration will be denied as to each of the three orders in question.

Although not designated as such, Michael McNeil's motion is in essence a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure (as made applicable here by Rule 9023 of the Federal Rules of Bankruptcy Procedure).  In his motion papers, Michael McNeil relies upon reported opinions in Socialist Workers Party v. Leahy, 957 F. Supp. 1262 (S.D. Fla. 1997), and Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993), for the proposition that a court may grant reconsideration of an order or judgment under Rule 59(e) if the movant demonstrates some reason why the court should reconsider its prior decision and sets forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision.  As both of the opinions relied upon by Mr. McNeil make clear, a motion for

---

[18] In addition to the other domestic support obligation claims discussed above, Sarah McNeil filed a proof of claim in this case that asserts, among other things, a priority claim for a domestic support obligation in the amount of $19,922.14 with respect to back alimony that was docketed as Claim No. 6-1.  Michael McNeil objected to that claim on the day before the hearing in question here.  Objection to Proof of Claim filed September 24, 2012 [Docket No. 81].  A hearing on the objection to that claim is scheduled for November 7, 2012.

reconsideration is not to be used to reiterate arguments or to supply authorities available at the time of the hearing.[19]

The United States Court of Appeals for the Fourth Circuit has adopted three limited grounds for granting a motion for reconsideration under Rule 59(e) that are essentially the same as those applied in the opinions referred to by Michael McNeil. In the Fourth Circuit, the three grounds for granting relief under Rule 59(e) are: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). See also, Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Collison v. Int'l Chem. Workers, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Stanton, 994 F.2d 1076, 1081(4th Cir. 1993); Keeler v. Acad. of Amer. Franciscan History, Inc. (In re Keeler), 273 B.R. 416, 420 (D. Md. 2002); In re Gates, 214 B.R. 467, 470 (Bankr. D. Md. 1997).

As the Fourth Circuit has said, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). In the Fourth Circuit's view, "[i]n general,

---

[19] The Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure do not make provision by name for motions for reconsideration. Such motions are sometimes also made or considered under Rule 52(b) (made applicable by Bankruptcy Rule 7052) and under Rule 60(b) (made applicable by Bankruptcy Rule 9024). Neither of those rules, however, would result in application of a standard that is more favorable to Michael McNeil than the one that applies under Rule 59(e). Dowell v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (a Rule 60(b) motion "is not a substitute for a timely and proper appeal" and a losing party must show, among other things, "exceptional circumstances"); Wal-Mart Stores, Inc. v. El-Amin (In re El-Amin), 252 B.R. 652, 657 (Bankr. E.D. Va. 2000) ("the purpose of [Rules 52(b) and 59(b)] is the correction of an egregious error of law or fact, not to allow a losing party to resubmit unsuccessful arguments").

'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Id. (quoting 11 Federal Practice and Procedure, at 124).

Michael McNeil raises three arguments that he contends are a basis for reconsideration of the three orders in question. First, he asserts that Peter Markuski's Claim No. 3-3 is not entitled to be treated as a secured debt. Next, he asserts that Peter Markuski's fees are not "domestic support obligations" as defined by 11 U.S.C. § 101(14A). Lastly, Michael McNeil argues that Peter Markuski was not validly appointed by the Circuit Court as the best interests attorney for his minor children and thus has no standing to file claims against him in this court. All of these arguments were raised by Michael McNeil and considered by this court prior to entry of the orders in question, and none of them justifies the "extraordinary remedy" of reconsideration under Rule 59(e).

Claim No. 3-3 filed by Peter Markuski in the amount of $47,936.81 states that the basis for the claim against Michael McNeil is "Domestic Support Obligation (attorney's fees – BIA)" that is secured by a "Judgment Lien" against real estate. The proof of claim also asserts that the entire amount of the claim is entitled to priority under 11 U.S.C. § 507(a) because it is a domestic support obligation under 11 U.S.C. § 507(a)(1). Attached to the proof of claim as supporting documentation are: (i) a statement of account calculating the amount of the claim based upon various fees awarded to Peter Markuski and the interest accrued thereon, (ii) a copy of the Order entered by the Circuit Court appointing Peter Markuski as the best interests attorney, (iii) a copy of an order entered on January 20, 2010 by the Circuit Court awarding fees in the amount of $8,591.75 to be paid by Michael McNeil to Peter Markuski, (iv) a copy of the Judgment of Absolute Divorce entered on December 27, 2010 by the Circuit Court, which includes the award of additional fees in the amount of $21,064.05 to be paid by Michael McNeil

to Peter Markuski, (v) a copy of an order entered on May 5, 2011 by the Circuit Court awarding fees in the amount of $7,026.65 to be paid by Michael McNeil to Peter Markuski, and (vi) a copy of the Supplemental Memorandum entered on December 8, 2011 by the Circuit Court, which includes the award of additional fees in the amount of $15,525.45 to be paid by Michael McNeil to Peter Markuski.

In the objection filed by Michael McNeil with respect to Claim No. 3-3, he asserts in paragraph 5(b) that Peter Markuski's fee claim is not entitled to treatment as a secured claim for a number of reasons, including the assertion that it "is not perfected." Paragraph 5(a) and its many subparts list reasons asserted by Michael McNeil as to why the fees awarded to Peter Markuski are not child support – that is, not a domestic support obligation entitled to the § 507(a)(1) priority asserted in the proof of claim. At the hearing, Michael McNeil argued (or had the opportunity to argue) all of the many issues raised in his objection. In addition, at the September 25, 2012 hearing Michael McNeil argued his contention that Peter Markuski was not validly appointed by the Circuit Court as a best interest attorney under Maryland law.[20]

Each of these arguments was made by Michael McNeil at the hearing or in his various pleadings filed prior to the hearing, and he is not permitted to raise and argue them for a second time by way of a motion for reconsideration under Rule 59(e).

In his motion for reconsideration, Michael McNeil also raises for the first time two new arguments (or variations on his prior arguments) with respect to Peter Markuski's claims. He refers this court to the opinion of the Court of Special Appeals of Maryland in <u>Cochran v. Griffith Energy Service</u>, 191 Md. App. 625 (2010), as support for his contention that Claim

---

[20] This contention was also set out on pages 5 through 8 of the Memorandum of Law in Support of Confirmation of Debtor's Amended Chapter 13 Plan filed by Michael McNeil on September 18, 2012 [Docket No. 75].

No. 3-3 is not secured by a judgment lien and for his new contention that the claims contain faulty interest calculations.  He also refers the court to a student law review article concerning allowance of claims for domestic support obligations, They're Just Letting Anyone in These Days: The Expansion of § 523(a)(5)'s "Domestic Support Obligation" Exception to Discharge, 28 Emory Bankr. Dev. J. 637 (2012).  These authorities were available prior to the hearing, and cannot be submitted now in the guise of a Rule 59(e) motion as an attempt to bolster arguments that were not successful at the hearing.

For these reasons, it is by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that the Motion to Reconsider [Docket No. 105] should be, and it hereby is, DENIED.


**END OF ORDER**


cc:     Debtor
        Creditor-Peter Markuski, Esq.
        Chapter 13 trustee
        U.S. Trustee