**United States District Court**
**District of Maryland**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN -2  P 12: 03

CLERK'S OFFICE

| | | |
|---|---|---|
| **Michael Allan McNeil** | * | |
| Appellant | * | |
| | | Case No. 1:12-cv-03706-WDQ |
| v. | * | |
| **V. Peter Markuski, Esquire** | * | |
| Appellee | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# OPENING BRIEF OF THE APPELLANT

## Table of Contents

TABLE OF AUTHORITIES..................................................................................................ii

A. Statement Of The Basis Of Appellate Jurisdiction...........................................................1

B. Statement of the issues presented....................................................................................1

C. Standard of Review..........................................................................................................2

D. Statement of the case.......................................................................................................3

    1. The Nature of The Case................................................................................................3

    2. Statement of Facts Relevant to the Issues Presented ..................................................4

E. Summary of Argument.....................................................................................................5

F. Argument..........................................................................................................................7

    Issue #1: Did the Court error when it overruled the Appellant's Objection to V. Peter Markuski claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski was claiming priority status as a domestic support order? ....................................................7

    Issue #2: Did the Court error when it determined that V. Peter Markuski claims were based off domestic support orders giving it priority status and not dischargeable without an Adversary Proceeding to make this determination?..................................................................9

G. Conclusion......................................................................................................................10

CERTIFICATE OF SERVICE.............................................................................................12

## *TABLE OF AUTHORITIES*
## CASES

|  | Pages |
|---|---|
| Byrd v. Hoffman, 417 B.R. 320 (D.Md.2008) | 2 |
| Cannon v. University of Chicago, 441 U.S. 677, 697-98 (1979) | 8 |
| First Mariner Bank v. Johnson, 411 B.R. 221 (D.Md. 2009) | 2 |
| Hudson v. Raggio & Raggio, Inc. (Inre Hudson), 107 F.3d 355, 357 (5th Cir. 1997) | 8 |
| In re Bryson Properties, XVIII, 961 F.2d 496, 26 Collier Bankr.Cas.2d 1290, 22 Bankr.Ct.Dec. 1391, Bankr. L. Rep. P 74,545 (C.A.4, N.C., 1992) | 3 |
| In re Hutson, 173 F.3d 424 (Table), 1999 WL 95510 (C.A.4, S.C., 11 Fourth Cir. & D.C. Bankr. (152 C.A.4 1999) | 2 |
| Michel v. Total Transp., Inc., 957 F.2d 186, 191 (5th Cir. 1992) | 8 |
| U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989) | 8 |

### Acts of Congress

| | |
|---|---|
| Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 | 5, 7, 9, 10, 11 |

### Statues & Rules

| | |
|---|---|
| 11 U.S.C § 101(14A) | 5, 8, 7, 9, 10, 11 |
| 11 U.S.C § 507(a) | 3 |
| 11 U.S.C § 523(a)(5)(A) | 8 |
| 28 U.S.C. § 158(a) | 1 |
| Federal Rules of Bankruptcy Procedure, Rule 7001 | 9, 10 |

## A. Statement Of The Basis Of Appellate Jurisdiction

Appellant Michael A. McNeil appeals the Orders of U.S. Bankruptcy Judge David E. Rice's ORDER OVERRULING OBJECTION TO CLAIM NO. 3 FILED BY V. PETER MARKUSKI dated September 27, 2012 (ECF 85/Appendix A.200), and his ORDER OVERRULING OBJECTION TO CLAIM NO. 4 FILED BY V. PETER MARKUSKI, JR. dated September 27, 2012 (ECF 90/Appendix A.202) pursuant to 28 U.S.C. § 158(a):

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders, and decrees;

## B. Statement of the issues presented

**Issue #1:** Did the Court error when it overruled the Appellant's Objection to V. Peter Markuski claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski was claiming priority status as a domestic support order?

**Issue #2:** Did the Court error when it determined that V. Peter Markuski claims were based off domestic support orders giving it priority status and not dischargeable without an Adversary Proceeding to make this determination?

1

## C. Standard of Review

As set out in the cases below, the District Courts reviews the Bankruptcy Court's conclusions of law de novo and its findings of fact for clear error.

### First Mariner Bank v. Johnson, 411 B.R. 221 (D.Md. 2009):

> When a district court reviews a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed de novo, whereas findings of fact may be set aside only if clearly erroneous. See Banks v. Sallie Mae Serv. Corp., 299 F.3d 296, 300 (4th Cir.2002); Johnson, 226 B.R. at 365; Fed. R. Bankr.P. 8013.

### Byrd v. Hoffman, 417 B.R. 320 (D.Md.2008):

> This Court reviews the legal conclusions of the Bankruptcy Court de novo, but reviews its factual determinations for clear error. Butler v. Shaw, 72 F.3d 437, 441 (4th Cir.1996); Three Flint Hill Ltd. Pshp. v. Prudential Ins. Co. (In re Three Flint Hill Ltd. Pshp.), 213 B.R. 292, 297 (D.Md.1997). On legal issues, this Court "must make an independent determination of the applicable law." In re Jeffrey Bigelow Design Group, Inc., 127 B.R. 580, 582 (D.Md.1991), aff'd, 956 F.2d 479 (4th Cir.1992). Moreover, a finding of fact is clearly erroneous "only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." In re Broyles, 55 F.3d 980, 983 (4th Cir.1995) (internal quotations omitted). Finally, the Bankruptcy Court's application of law to the facts is to be reviewed for abuse of discretion. In re Robbins, 964 F.2d 342, 345 (4th Cir.1992) (decision to lift automatic stay).

The Fourth Circuit follows this consistent standard of review:

### In re Hutson, 173 F.3d 424 (Table), 1999 WL 95510 (C.A.4, S.C., 11 Fourth Cir. & D.C. Bankr. (152 C.A.4 1999):

> ...we review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error.

2

**In re Bryson Properties, XVIII, 961 F.2d 496, 26 Collier Bankr.Cas.2d 1290, 22 Bankr.Ct.Dec. 1391, Bankr. L. Rep. P 74,545 (C.A.4, N.C., 1992):**

> The district court's decision is reviewed de novo. In re Camino Real Landscape Maintenance Contractors, 818 F.2d 1503, 1505 (9th Cir.1987). The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard (Fed.R.Bankr.P. 8013; Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir.1985)); its conclusions of law are reviewed de novo. Quinn Wholesale, Inc. v. Northern, 100 B.R. 271, 273, (M.D.N.C.1988), aff'd, 873 F.2d 77 (4th Cir.), cert. denied, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989).

### D. Statement of the case.

#### *1. The Nature of The Case*

On May July 16, 2012, V. Peter Markuski, Appellee files an Amended Proof of Claim 3-3 (Appendix A.1) and then files a contingent Proof of Claim on August 16, 2012 (Appendix A.45). The Appellee files both his claims as priority claim under section 507(a)(1)(A) or (B) of the Bankruptcy Code. It also should be noted that the Appellant on his Schedule E did not list the Appellee as a priority Domestic Support Order Claim. (ECF 55 page 5/Appendix 166)

On July 31, 2012 the Appellant files an Objection to Proof of Claim for Claim 3-3 (ECF 40/Appendix A.60 and then again he files an Objection to Proof of Claim for Claim 4-1 (ECF 61/Appendix A.175). In the Appellant's first objection, the Appellant mainly raised issues as to the legitimacy of the Appellee's claim as he made allegations concerning fraud. The Appellant likewise with the first objection did the same with his second objection to the second claim which is a contingent claim filed by the Appellee.

On September 25, 2012, there was a hearing before Judge Rice to hear both the Appellant's objections, and during that hearing, Judge Rice determined that both Appellee's

3

claims were Domestic Support Obligations and overruled the Appellant's objections. (ECF 85/Appendix A.200; ECF 90/Appendix A.202)

On October 9, 2012, the Appellant filed a Motion To Reconsider the aforementioned rulings,(ECF 105/Appendix A.204) which was denied on November 11, 2012 (ECF 143/Appendix A.291). The Appellant then filed his Notice of Appeal. (ECF 165/Appendix A.301)

With the above stated, the Appellant believes that the matter of whether or not the Appellee's claims are Domestic Support Obligations were not properly before the Bankruptcy Court at that time and in addition the Appellant believes that even if the matter of domestic support obligation were properly before the Bankruptcy Court, that with the definition given by Congress of what is and is not a Domestic Support Order does not allow for an attorney like the Appellee to be the payee of a priority claims, and that the Appellee has no standing to files such claims.

## 2. *Statement of Facts Relevant to the Issues Presented*

No where in the Appellee's claims (Appendix A.1, Appendix A.45) does he claim to be a spouse if the Appellant, former spouse of the Appellant, or a such child's parent, legal guardian, or responsible relative; or a government unit.

The Appellee's first claim is for attorney fee's ordered by the Howard County Circuit Court (Appendix A.1) and his second claim is contingent claim for attorney's fee's yet to be ordered by the Howard County Circuit Court. (Appendix A.45)

No where in the record is there any indication that if the Appellee's claims where not to

4

be paid off at all, or if he should receive less than the full amount of his claims that there would be anyone else made responsible to make up the difference.

The Appellant did not list the Appellee as holding a priority claim or a lien on his schedules. (ECF 55 page 5/Appendix 166)

The Bankruptcy Court made ruling as to the priority of the Appellee's claims and the extend of his liens if any outside of an Adversary Proceeding. (ECF 85/Appendix A.200; ECF 90/Appendix A.202)

### E. Summary of Argument

*Issue #1: Did the Court error when it overruled the Appellant's Objection to V. Peter Markuski claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski was claiming priority status as a domestic support order?*

As to the first issue, the Appellant simply contends that when Congress modify the Bankruptcy Code in 2005 by adding to the code subsection 101(14A) defining a Domestic Support Obligation, whereas prior to 2005 the definition of what a Domestic Support Obligation was defined solely by the Judiciary. And now that since Congress has defined what a Domestic Support Obligation is, it is now clear that Congress has rejected the Judiciary definition of a Domestic Support Obligation which was quite broad to include attorney fees in favor of a more limited definition so that only a debtor's spouse, former spouse or children receive protection from having monies owed to them that are in that nature of support from being discharged. Clearly Congress intent is to protect a debtor's family only and not attorneys.

*Issue #2:  Did the Court error when it determined that V. Peter Markuski claims were based off domestic support orders giving it priority status and not dischargeable without an Adversary Proceeding to make this determination?*

As to the second issue, the Appellant believes that the Bankruptcy Code is clear that in order to determine dischargeability of a claim that an Adversary Proceeding is required, and that the court simply prematurely ruled that the Appellee's claims was a Domestic Support Obligation giving it priory status, even though the Appellant amongst his many objections was objecting to the priority status.

6

**F. Argument**

***Issue #1:*** *Did the Court error when it overruled the Appellant's Objection to V. Peter Markuski claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski was claiming priority status as a domestic support order?*

In 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was signed into law where as Congress now defines what is a Domestic Support Obligation[1] in section 101(14A) of the Bankruptcy Code. Unfortunately, as of this date, the Appellant is unaware of finding any Appellant decision post BAPCA concerning Domestic Support Obligations which take into consideration that Congress changed the Bankruptcy Code limiting the definition to only protect a debtors family from having monies owed to it from being discharged and not monies owed solely to

---

1 Section 101(14A) of the Code states:
The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
  (A) owed to or recoverable by--
      (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian,
      or responsible relative; or
      (ii) a governmental unit;
  (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
  (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
      (i) a separation agreement, divorce decree, or property settlement agreement;
      (ii) an order of a court of record; or
      (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

7

attorneys.

With the above stated, it is well known that various circuits have consistently ruled pre-BAPCPA giving a broad reading to section 523(a)(5)(A). See Hudson v. Raggio & Raggio, Inc. (Inre Hudson), 107 F.3d 355, 357 (5th Cir. 1997).

However, the courts should assume that Congress knows and take into account the state of the law when it amends a statute. Cannon v. University of Chicago, 441 U.S. 677, 697-98 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law . . . ."); Michel v. Total Transp., Inc., 957 F.2d 186, 191 (5th Cir. 1992) ("We assume that Congress is aware of existing law when it passes legislation.").

Therefore, it is clear that Congress has reject the various circuits' definition of what is a Domestic Support Obligation and the Bankruptcy Court should have concluded that it must apply the limited, but unambiguous, language of section 101(14A)(A) in determining whether the claim filed by the Appellee is a priority claim. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989) If the Bankruptcy Court applied the correct definition of a Domestic Support Obligation instead of relying on the pre-BAPCA definition it would have to deny the Appellee claims as a priority domestic support obligations.

8

***Issue #2:*** *Did the Court error when it determined that V. Peter Markuski claims were based off domestic support orders giving it priority status and not dischargeable without an Adversary Proceeding to make this determination?*

Rule 7001 defines what is an Adversary Proceeding[2]. The Bankruptcy Court made several rulings on September 25, 2012 in an Objection Hearing/Non Adversary Proceeding which determined the priority and the extend of the Appellee's first claim (ECF 85/Appendix A.200) and the Bankruptcy Court also determined the priority of the Appellee's second claim. (ECF 90/Appendix A.202)

---

2 Rule 7001 An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), [1] (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

9

Additionally, per the Appellant's Schedule E (ECF 55 page 5/Appendix 166) and other schedules, the Bankruptcy Court knew that the Appellant was or was going to contest the Appellee's claims that he had a secure lien and/or priority claim. In any event, the Bankruptcy Court prematurely ruled upon this matter and its orders should be vacated with instruction of the aforementioned matters to be heard properly in an Adversary Proceeding in accordance with Rule 7001.

## G. Conclusion

The Appellant believes that in this case before the District Court acting as an Appellant Court that the issues are straight forward, in that first the Bankruptcy Court made an error when it made rulings concerning an extend of a lien and priority of claims that were not in conformance with Rule 7001 in that these matters must be determined in an Adversary Proceeding to afford all parties their due process rights. With this matter alone this court should order that the orders determining the Appellee's priority and the extend of his liens be vacated and that the Bankruptcy Court hold Adversary Proceedings in order to determine these matters.

Finally, there is the matter of the Bankruptcy Court's definition of what is and is not a Domestic Support Obligation. The Bankruptcy Court in its opinion (ECF 143 page 5 /Appendix A.295 [ Footnote 17]) clearly relied upon pre-BAPCA appellant court decisions in order to interpret Section 101(14A) which did not even exist prior to BAPCA. Congress in the passing of BAPCA which added section 101(14A) to the code where it had not previously existed before did not include monies owed to attorney though it clearly knew that various

circuit courts had ruled that these debtors were Domestic Support Obligation. Thus, since Congress clearly decided not to include monies owed to attorneys in its definition, it is clear that the intent of congress was to exclude debts owed to attorneys from the definition and to only provide protection to a debtors family of debts which are not dischargeable in bankruptcy which are in the nature of support.

Therefore, it would be appropriate for this court to inform the lower court of the change in the law and how Congress has rejected the pre-BAPCA rulings concerning Domestic Support Obligation and that the Bankruptcy Court should use the language provided by Congress to determine what is and is not a Domestic Support Obligation along with instructing that the orders being appealed be vacated.

Dated: January 2, 2013

_____
Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

I certify that on January 2, 2013, I served a copy of the Appellant's Brief and Appendix to the following via pre-paid First Class U.S. Mail:

**Mr. Jeffrey Wayne Bernstein**
WILSON, GOOZMAN, BERNSTEIN & MARKUSKI
9101 Cherry Lane
Suite 207
Laurel, MD 20708-0000
(Attorney for the Appellee)

**Nancy Spencer Grigsby**
4201 Mitchellville Rd. Ste 401
Bowie, MD 20716
(Chapter 13 Trustee)

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

12