FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 31  P 12: 42

CLERK'S OFFICE

EB

**United States District Court**
**District of Maryland**

Michael Allan McNeil                    *

    Appellant                         *

                              Case No. 1:12-cv-03706-WDQ

    v.                               *

V. Peter Markuski, Esquire              *

    Appellee                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*



# REPLY BRIEF OF THE APPELLANT

# Table of Contents

TABLE OF AUTHORITIES...................................................................................................ii

A.  Introduction....................................................................................................................1

B.  Argument.......................................................................................................................1
    Issue #1:  Did the Court error when it overruled the Appellant's Objection to  V. Peter
    Markuski claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski was
    claiming priority status as a domestic support order? ...............................................................1

        Prong A- owed to or recoverable by--(i) a spouse, former spouse, or child of the debtor or
        such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit; ......3

        Prong B - in the nature of alimony, maintenance, or support (including assistance provided
        by a governmental unit) of such spouse, former spouse, or child of the debtor or such
        child's parent, without regard to whether such debt is expressly so designated;...................4

        Prong C - established or subject to establishment before, on, or after the date of the order
        for relief in a case under this title, by reason of applicable provisions of-- (i) a separation
        agreement, divorce decree, or property settlement agreement; (ii) an order of a court of
        record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a
        governmental unit; and .............................................................................................5

        Prong D - not assigned to a nongovernmental entity, unless that obligation is assigned
        voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal
        guardian, or responsible relative for the purpose of collecting the debt.................................6

    Issue #2:  Did the Court error when it determined that V. Peter Markuski claims  were based
    off domestic support orders giving it priority status and not dischargeable without an
    Adversary Proceeding to make this determination?.................................................................7

B.  Closing.......................................................................................................................10

CERTIFICATE OF SERVICE........................................................................................11

## *TABLE OF AUTHORITIES*
## CASES

| | Pages |
|---|---|
| Cen-Pen Corp. v. Hanson, 58 F.3d 93 (C.A.4 (Va.), 1995) | 7 |
| Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989) | 7 |
| Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012) | 8 |
| In re Mansaray-Ruffin, 530 F.3d 234 (3rd Cir., 2008) | 8 |

### Acts of Congress

| | |
|---|---|
| Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 | 1,2 |

### Statues & Rules

| | |
|---|---|
| 11 U.S.C § 101(14A) | 1,3 |
| 11 U.S.C § 507(a)(7) | 2 |
| Federal Rules of Bankruptcy Procedure, Rule 7001 | 7,8 |

## A. Introduction

After reviewing the Appellee's brief, the Appellant would like this court to take note that the Appellee's arguments have no support on rulings from the Supreme Court, nor any Fourth Circuit Court rulings, and further more he is asking this court to ignore the fact that Congress has struck down the old definition of what a priority claim is, and has replace it with a more perfect complete definition giving the courts a four prong test.

With this said, the Appellant gives the following counter argument.

## B. Argument

*Issue #1: Did the Court error when it overruled the Appellant's Objection to V. Peter Markuski claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski was claiming priority status as a domestic support order?*

It should be noted that in the Appellee brief and in the Appellant's brief neither party cite ANY Appellant Circuit Court concerning section 101(14A) of the Bankruptcy Code which was added in 2005 by Congress via the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). It should also be noted that neither party cites any court in the Fourth Circuit court concerning this issue post BAPCPA. Therefor there is no authoritative rulings that this court can rely upon in determining if the definition of a Domestic Support Obligation is and is not. With this in mind, the Appellant believes that this court's obligation is to go with the plain meaning of the code and not use pre-BAPCPA which were based on a definition which Congress struck down

1

and that this court should base its rulings on the definition that Congress explicitly put

into the Bankruptcy code of what a Domestic Support Obligation[1] is.

Furthermore, it seems that the Appellee in his brief is attempting to roll back to

clock prior to 2005 before Congress DELETED 11 U.S.C. §507(a)(7) from the

Bankruptcy Code which the following about priority claims:

> ...claims for debts to a spouse, former spouse, or child of the
> debtor, for alimony to, maintenance for, or support of such spouse
> or child, in connection with a separation agreement, divorce decree
> or other order of a court of record, determination made in
> accordance with State or territorial law by a governmental unit, or
> property settlement agreement. . .
>
> (A) is assigned to another entity, voluntarily, by operation of law,
> or otherwise;

However, as the Appellee knows, that when Congress DELETES a portion of law,

that law is no longer in existence, and the court are to give it no weight.  Also, when

---

1 Section 101(14A) of the Code states:
The term "domestic support obligation" means a debt that accrues before, on, or after the date
of the order for relief in a case under this title, including interest that accrues on that debt as
provided under applicable nonbankruptcy law notwithstanding any other provision of this
title, that is--
> (A) owed to or recoverable by--
>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian,
>> or responsible relative; or
>> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental
> unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether
> such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under
> this title, by reason of applicable provisions of--
>> (i) a separation agreement, divorce decree, or property settlement agreement;
>> (ii) an order of a court of record; or
>> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental
>> unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse,
> former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the
> purpose of collecting the debt.

Congress DELETES a definition from the code, and redefines it in another section with completely different wording, Congress's intent is made manifest that the old definition is to no longer be used and the courts need to interpret the new definition as it is given by Congress and not to superimpose the old definition in an attempt to nullify an act of Congress.

With the above stated, Congress has given the courts a four prong test for the courts to apply which are clearly spelled out in Section 101(14A) as being paragraphs A-D whereas a Domestic Support Obligation must pass each prong of the test in order to meet the definition. And upon examination, the Appellee's claim clearly fails at least three prongs of the test.

***Prong A- owed to or recoverable by--(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit;***

Here, Congress has clearly defined that a claim in order to be considered a Domestic Support Obligation must be owed to a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or a government unit. With this said it is obvious that the Appellee claim does not pass this definition. Also, the court should take note that one of the parties can be included is a "governmental unit", and if the court should also take notice that later in the definition that Congress gives Congress explicitly excludes a "nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's

3

parent, legal guardian, or responsible relative for the purpose of collecting the debt".

With the above stated, it is clear that Congress enumerated a debt must be owed to and or recoverable by. Also, Congress made provision for when a debt is owed to a governmental unit such as a state governmental unit which is paying out child support benefits for the debtor's child's benefit and is simply looking at having those cost recovered.

No where in the Appellee claim is he claiming to be one of the enumerated entities that Congress has listed. Nor has he stated that any of the numerated entities have assigned him the debt owed to them. With this said, the Bankruptcy Court did not make this analysis using Congress's definition of a Domestic Support Obligation and simply did not apply the new law. Thus the Appellee's claim fails this prong.

**Prong B - in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;**

With this prong, Congress clearly states that the amounts so owed must have a certain nature which is clearly alimony and/or child support. The matter of whether or not a debtor's family is taken care of is a public interest as it is self evident in the acts of Congress and all 50 states where those who owe alimony and or child support can be imprisoned, have various professional licenses and or drivers licenses suspended or not renewed for not paying owed amounts for not paying alimony and/or child support.

However, there is no law that says if you don't pay any attorney that you can be

4

imprisoned and/or loose various privileges.  Clearly state legislature and Congress puts

amounts owed for actual child support and/or alimony on a different footing to that owed

solely to an attorney that was never owed to a member of a debtor's family.

With the said, the Appellee claims that his claim was for the benefit of the

Appellant's children and thus are in the nature of child support.  With that said, lets say

that a debtor's child who  lives with his ex-spouse contracted cancer, and the debtor took

his child to a hospital and incurred $250000 in debt for cancer treatments.  Then because

of all the debt, the debtor filed for bankruptcy, and the hospital filed a priority claim.

Currently, there is no ruling where a court counts a claim solely owed by a debtor to a

hospital for the care of a debtor's child which does not reside with him.  Likewise, the

Appellee is in the same situation as the hospital and is not entitled to any more priority.

Thus, the Appellee's claims fail this prong.


***Prong C - established or subject to establishment before, on, or after the date of the
order for relief in a case under this title, by reason of applicable provisions of--
(i) a separation agreement, divorce decree, or property settlement agreement;
(ii) an order of a court of record; or (iii) a determination made in accordance
with applicable nonbankruptcy law by a governmental unit; and***

Here, Congress is clear that the debt must arise out of action in family court or a
governmental unit.  As it turns out, the Appellee's claim here passes in that it was part of a
divorce decree.

5

***Prong D - not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.***

Here in the final prong, Congress dictated unless a debt is owed to those who were enumerated in Prong A, that all other entities are not entitled to priority unless that obligation owed to the enumerated entities voluntarily assigned for the purpose of debt collection.

Again, the Appellee's claims fail this prong in that his claim is based off a order from a state court judge whereas the Appellant was ordered to pay him monies for him representing his children. Meaning, there was no voluntary assignment of a debt by the enumerated entities in Prong A. Thus, the Appellee's claims fail this prong.

**Conclusion:**

As stated before Congress has changed the law concerning the Definition of a Domestic Support Obligation and the new long provide the courts with a four prong test which the courts must apply to alleged Domestic Support Obligation Claims. It is clear from the Appellee's brief that the Bankruptcy Court applied a definition that was struck down by Congress and that the Bankruptcy Court failed to apply the four prong test that Congress provided. In any event, the Appellee claim(s) fail three of the four prongs test that Congress provided to the courts, whereas failing any one of these test causes a claim

6

not to be considered a Domestic Support Obligation.

***Issue #2:*** *Did the Court error when it determined that V. Peter Markuski claims were based off domestic support orders giving it priority status and not dischargeable without an Adversary Proceeding to make this determination?*

In the Appellee's Brief, he gives no Fourth Circuit Court Law nor does he site a Supreme Court case on the matter and various other circuits have ruled the opposite of how he interprets to this end the Appellant likewise can cite persuasive authorities along with a Fourth Circuit ruling.

Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989) and states that a objection to a claim does not constitute an adversary proceeding:

> The filing of a proof of claim and the debtor's objection thereto do not constitute an adversary proceeding, and therefore this avenue for invoking Rule 23 was not available to the appellants. Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989)

Fourth Circuit rulings showing an Adversary Proceeding is required Cen-Pen Corp. v. Hanson, 58 F.3d 93 (C.A.4 (Va.), 1995):

> Here the Hansons did not take a sufficient "affirmative step" to avoid Cen-Pen's liens. Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property," with one exception not applicable here. The procedural requirements of such an action, which include, inter alia, the filing of a complaint and service of a summons, are set out in the Bankruptcy Rules. Bankruptcy Rule 7004, for instance, governs the procedures for service of process in adversary proceedings. See In re Linkous, 990 F.2d 160, 162 (4th Cir.1993) (adequate notice to affected

7

secured creditor is prerequisite to according preclusive effect to confirmation order under Sec. 1327).

Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012)

To address these issues, we begin with the bankruptcy case's procedural structure. A bankruptcy case is commenced by the filing of a petition. Fed. R. Bankr.P. 1002(a). Within the case, a creditor may file a proof of claim, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a contested matter. See Fed. R. Bankr.P. 9014 advisory committee's note; In re American Reserve, 84,0 F.2d 487 (7th Cir.1988) ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An adversary proceeding in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a complaint. Fed. R. Bankr.P. 7001, 7003

The Third Circuit is even more verbose of the requirement of a Adversary Proceedings in that it is established what due process procedures that are required to protect both parties In re Mansaray-Ruffin, 530 F.3d 234 (3rd Cir., 2008):

Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr.P. 7001(2).[2] An adversary proceeding is essentially a self-contained trial— still within the original bankruptcy case— in which a panoply of additional procedures apply. See Fed. R. Bankr.P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. For example, Federal Rule of Bankruptcy Procedure 7003 adopts wholesale Federal Rule of Civil Procedure 3 and thus requires the filing of a complaint to commence an adversary proceeding. Adopting and modifying portions of Federal Rule of Civil Procedure 4, Federal Rule of Bankruptcy Procedure 7004 requires the service of a summons and a copy of the complaint. Federal Rule of Bankruptcy Procedure 7012 provides that the defendant

8

has 30 days to file an answer after the issuance of the summons and makes Federal Rule of Civil Procedure 12(b)-(h) applicable in its entirety, thus allowing, *inter alia,* all of the 12(b) defenses, motions for a more definite statement, and judgments on the pleadings. Moreover, an adversary proceeding offers the parties the same opportunity for discovery as traditional civil litigation, and the rules regarding voluntary and involuntary dismissals, default judgments, and summary judgment are identical as well. See Fed. R. Bankr.P. 7026-7037, 7041,

Again, as mentioned in the Appellant's brief, the matter concerning priority or extent

of a lien was not properly before the Bankruptcy Court an the court erred in ruling on the

priority and/or extent of the Appellee's claim.

**B. Closing**

As stated in the Appellant's Opening Brief, the Bankruptcy court made two errors. The first error that it made was that it ruled on a matter that was not properly before it, in that the Bankruptcy Code clearly mandates an Adversary Proceeding with all the due process procedures of a civil trial. Then the Bankruptcy Court made another error in that it ignored the fact that Congress struck down the old definition of a Priority Claim and it paid no notice to the new definition and the four prong test that Congress mandated in order to determine if a claim was a Domestic Support Obligation and thus entitled to priority.

With this said, this court should VACATE the Bankruptcy Court's appealed from and remand for further proceedings.

Dated:  January 31, 2013

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

10

## CERTIFICATE OF SERVICE

I certify that on January 31, 2013, I served a copy of the Reply Brief of the Appellant to the following via pre-paid First Class U.S. Mail:

**Mr. Jeffrey Wayne Bernstein**
WILSON, GOOZMAN, BERNSTEIN & MARKUSKI
9101 Cherry Lane
Suite 207
Laurel, MD 20708-0000
(Attorney for the Appellee)

**Brian A. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093
(Chapter 7 Trustee)

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com